THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES LAWSON, Defendant-Appellant.

Third District   No. 77-414

Opinion filed November 15, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Joseph A. Mueller and James E. Hinterlong, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Charles Lawson, was charged by indictment with the offense of burglary. Following a jury trial in the Circuit Court of Peoria County, the defendant was found guilty as charged. The court subsequently sentenced him to a term of imprisonment of not less than 1½ years nor more than 4½ years. Lawson has appealed from that conviction.

On appeal defendant has presented one issue for review, whether he was proved guilty beyond a reasonable doubt of the crime of burglary.

The essential facts that a burglary occurred at approximately 10:30 a.m.

on December 22, 1976, at the residence of Jack and Chloe Brunnenmeyer, located at R.R. 1, Hanna City, Illinois, are undisputed. Beryl Drake, Chloe Brunnenmeyer's son and Jack Brunnenmeyer's stepson, was in the home and discovered the burglary in progress when awakened from sleep. Drake was 20 years of age at that time and was home on leave from the United States Air Force. His mother and stepfather were both at work when the burglary occurred.

Defendant argues on appeal that Beryl Drake's initial narration of the events to the investigating police officer was totally inconsistent with a second statement given to the police the same day and which statement Drake substantially repeated at the trial. Drake's initial statement recited that he discovered the burglary and upon investigating found no one present assuming that his awakening had frightened the intruders off. His second statement and trial testimony consisted not only of a discovery of the burglary in progress but identification of defendant Charles Lawson and another individual as the burglars whom he discovered in the house. Drake testified that he apprehended the other individual and that he recognized both alleged burglars from prior acquaintance with them. He noted that he had met the defendant Lawson a few years before and had seen him on a few occasions. Upon apprehension the other burglar was allowed to leave and returned with a third individual, with whom Drake was also acquainted, whereupon Drake allowed both to leave. Following his apprehension of the other burglar Drake testified that defendant Lawson was not then present in the house and that he did not see him leave.

■■ Defendant contends that Beryl Drake's two inconsistent versions are indicative that he lied during the trial. To rebut this, Drake gave an explanation of the reason for his two different statements. He stated that he lied initially to the police because the property and premises belonged to his stepfather and that he did not have a chance to privately discuss the situation with him before giving his first statement to the police. He claimed that after discussing it privately with his stepfather it was decided or he was advised by his stepfather to tell exactly what happened and identify the burglars. We agree that Drake's inconsistent statements do have an effect on his trial testimony. The effect is one of credibility and weight, both of which, along with all the other evidence, are primarily for the jury to decide. Although witnesses who recant their testimony have been labeled as unreliable and suspicious, we believe the cases of *People v. Marquis* (1931), 344 Ill. 261, 176 N.E. 314, and *People v. Roe* (1965), 63 Ill. App. 2d 452, 211 N.E.2d 552, relied upon by the defendant, are factually distinguishable. When viewing the entire record we are not convinced that this argument of the defendant raises reasonable doubt of his guilt or that the verdict of the jury was therefore palpably erroneous. *People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230.

■■ In a related argument the defendant contends that Beryl Drake's identification of him was tainted with additional inconsistencies which tend to cast a reasonable doubt upon defendant being one of the burglars. Specifically defendant urges the view that Drake expressed some doubt in his courtroom identification of defendant as one of the burglars. We have examined Drake's testimony and conclude that his identification of defendant appears sufficiently positive to support the jury's verdict and defendant's conviction. Defendant wrongly places much emphasis on Drake's failure to recall what the burglar he identified as defendant Lawson was wearing or whether defendant had a moustache and longer hair when he observed him on the date of the burglary. Defendant's argument is defeated by the fact that Drake testified he knew defendant Lawson prior to the burglary and recognized him. This fact along with the trial testimony of Drake positively identifying defendant as the perpetrator of the crime overcomes the lack of detailed recollection of defendant's clothing and presence of a moustache or longer hair. See *People v. Horobecki* (1st Dist. 1977), 48 Ill. App. 3d 598, 363 N.E.2d 1.

■■ Defendant's final argument is a cumulative one seeking to build upon his two prior arguments attacking witness Drake's credibility and his identification of the defendant as the burglar, which we reject. We view both of defendant's earlier arguments as weak and accordingly unconvincing. Defendant's argument that his alibi evidence should outweigh the other strong evidence of guilt is equally without merit. We do not believe the jury disregarded the defendant's alibi evidence as in *People v. Gardner* (1966), 35 Ill. 2d 564, 221 N.E.2d 232. We disagree with defendant's assertion that his alibi was strong, positive, and unimpeached. His alibi consisted of his mother who testified at the trial that her son remained at home the day of the burglary because of illness. Mrs. Lawson, however, in a statement to police on the evening of the burglary reported that the defendant left home at 10 a.m. and got back early in the afternoon. Other testimony established that the burglary occurred at approximately 10:30 a.m. Defendant's other alibi witness, Linda Cotelleso, testified to visiting defendant's home at about the time the burglary occurred and heard Mrs. Lawson call for the defendant but neither saw him or heard him answer. She and her husband then reportedly left, without seeing the defendant, when told he was too sick to come to the door. The defendant's alibi witnesses and evidence cannot be characterized as strong or unimpeached. His witnesses were a relative and a friend with obvious interests in his well-being. As with the other evidence in the record, the jury has the ultimate decision to believe or disbelieve the witnesses and the weight which they will give to any evidence. We will not substitute our judgment for that of the triers of fact because of their greater opportunity to observe the witnesses and evidence first hand. In cases such as the present one, where credibility of

the witnesses and the weight to be given to their testimony is the ultimate issue, it should properly be a decision for the jury and will not be disturbed on appeal unless palpably erroneous. (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230.) We do not believe the jury's determination here is palpably erroneous.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY and STENGEL, JJ., concur.